# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL B. WILLIAMS,<br><br>        Petitioner,<br><br>  v.<br><br>PAM AHLIN, et al.,<br><br>        Respondents. | 1:11-cv-00202-LJO-JLT HC<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS (Doc. 1)<br><br>ORDER DIRECTING THAT OBJECTIONS BE FILED WITHIN TWENTY DAYS |

    Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On February 4, 2011, Petitioner filed his petition for writ of habeas corpus in this Court. (Doc. 1).

    Petitioner alleges that he is in custody of Respondent, serving a sentence of unspecified length as a result of a conviction for unspecified crimes in the San Francisco County Superior Court on an unspecified date. However, in the petition, Petitioner does not challenge either his conviction or sentence. Instead, Petitioner raises two grounds for relief: (1) Respondent's policies of withdrawing monies from the hospital trust accounts of petitioner and other inmates to pay for the cost of their care and treatment while confined at the hospital facility is a violation of Petitioner's 5th and 14th Amendment due process rights; and (2) Petitioner and other inmates are constitutionally entitled to the interest earned annually from their personal hospital trust

accounts, based on United States Supreme Court case law. (Doc. 1, p. 4).

## DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990). A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003)("[H]abeas jurisdiction is absent...where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence."); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In this case, as mentioned, Petitioner alleges that Respondent is wrongfully taking monies from the prisoners' hospital trust accounts to pay for the prisoners' medical services and that prisoners' are entitled to interest on the money in their hospital trust accounts. As relief, Petitioner requests, inter alia, that this Court certify the matter as a class action suit, that it issue temporary and permanent injunctions enjoining Respondent from engaging in the challenged policies, that it issue an order requiring Respondent to cease enforcement of the challenged policies, and that the Court award costs and attorney's fees to Petitioner and other class members. (Doc. 1, p. 16).

Petitioner is thus challenging the *conditions* of his confinement, not the *fact or duration* of that confinement. Therefore, Petitioner is not entitled to habeas corpus relief, and this petition should be dismissed. Should Petitioner wish to pursue his claims, Petitioner must do so by way

of a civil rights complaint pursuant to 42 U.S.C. § 1983.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS:

1. That the petition for writ of habeas corpus (Doc. 1), be DISMISSED because the petition does not allege grounds that would entitle Petitioner to habeas corpus relief;

2. That Petitioner's motion for a temporary and/or permanent injunction be DENIED as MOOT; and,

3. That the Clerk of Court be DIRECTED to send Petitioner the standard form for claims pursuant to 42 U.S.C. § 1983.

This Findings and Recommendation is submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **February 16, 2011**                              **/s/ Jennifer L. Thurston**
                                                                    UNITED STATES MAGISTRATE JUDGE